**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------

**SECURITIES AND EXCHANGE COMMISSION,**

**Plaintiff,**

- against -

**MATTHEW D. WEITZMAN,**

**Defendant.**

----------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-25-09
```

09 Civ. No.

## JUDGMENT AS TO DEFENDANT MATTHEW D. WEITZMAN

The Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant Matthew D. Weitzman ("Defendant" or "Weitzman") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

### I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] promulgated thereunder, by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, while acting as an investment adviser or associated person of an investment adviser, Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. §§ 80b-6(1) and 80b-6(2)] by the use of any means or instrumentality of interstate commerce, or of the mails:

    (a)    employing any device, scheme, or artifice to defraud any client or prospective client; or

    (b)    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon any client or prospective client.

2

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, while acting as an investment adviser or associated person of an investment adviser, aiding and abetting violations of Section 204 of the Advisers Act [15 U.S.C. § 80b-4] and Rules 204-2(a)(3) and 204-2(a)(7) [17 C.F.R. §§ 275.204-2(a)(3) and 275.204-2(a)(7)] promulgated thereunder, by:

    (a)    failing to make and keep true, accurate and current such books and records relating to his investment advisory business as the Commission by rule, may prescribe as necessary or appropriate in the public interest or for the protection of investors;

    (b)    failing to make and keep true, accurate and current order memoranda for the purchase or sale of any security on behalf of a client; or

    (c)    failing to make and keep true, accurate and current written communications with clients.

### IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Defendant, and each of his financial and brokerage institutions, officers, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of such Judgment by personal service, facsimile service or otherwise, and

3

each of them, hold and retain within their control, and otherwise prevent any withdrawal,

transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of any

assets, funds, or other property (including money, real or personal property, securities,

commodities, choses in action or other property of any kind whatsoever) of, held by, or under the

control of the Defendant, whether held in his name or for any of his direct or indirect beneficial

interest wherever situated, including, but not limited to, all assets, funds, or other properties held

in the following accounts or life insurance policies:

| Account/Policy Number | Institution | Name of Account/Policy Holder |
|---|---|---|
| 0073-8712-9435 | Bank of America | Matthew Weitzman/Susan Weitzman |
| 0094-6939-2196 | Bank of America | Matthew Weitzman |
| 9298-5732 | Charles Schwab | Matthew Weitzman/Susan Weitzman |
| 5099-4681 | Charles Schwab | Matthew Weitzman |
| 0095-0466-7918 | Bank of America | Matthew Weitzman as custodian for John Weitzman |
| 9298-5322 | Charles Schwab | Matthew Weitzman as custodian for John Weitzman |
| 9298-5177 | Charles Schwab | Matthew Weitzman as custodian for Nicholas Weitzman |
| 628-00002664 | Charles Schwab Learning Quest | Matthew Weitzman/Susan Weitzman FBO John Weitzman |
| 379684412-01 | New York's 529 College Savings Program | Matthew Weitzman FBO Nicholas Weitzman |
| 379684412-02 | New York's 529 College Savings Program | Matthew Weitzman FBO John Weitzman |
| 9152-5260 | Charles Schwab | Weitzman Family Trust |
| UH003511N | Bankers Life and Casualty | Matthew Weitzman |
| WY00050160 | U.S. Life | Matthew Weitzman |
| 1711204 | Aviva Life and Annuity Company | Matthew Weitzman |

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Defendant, and Defendant's agents, servants, employees, attorneys-in-fact, those persons in active concert or participation with them, and any other persons or entities, including but not limited to persons or entities who hold a security interest in the property identified below, who receive actual notice of such Judgment by personal service, facsimile service or otherwise, and each of them, are permanently restrained from, directly or indirectly, singly or in concert, taking any action to transfer, pledge, seize, sell, foreclose, encumber, assign, dissipate, conceal or otherwise taking any action whatsoever that would impact or impair the value of the residence located at 16 Wrights Mill Road, Armonk, NY 10504, without providing notice to and obtaining the written consent of Plaintiff Commission.

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Defendant file with this Court and serve upon Plaintiff Commission, within ten (10) business days, or within such extension of time as the Commission agrees to, a verified written accounting signed by the Defendant under penalty of perjury, of:

> (1)    All assets, liabilities and property currently held, directly or indirectly, by or for the benefit of the Defendant, including, without limitation, bank accounts, brokerage accounts, investments, business interests, insurance policies, loans,

lines of credit, and real and personal property wherever situated, describing each asset and liability, its current location and amount;

(2)    All money, property, assets and income received by the Defendant, or for his direct or indirect benefit, at any time from January 1, 2002, through the date of such accounting, describing the source, amount, disposition and current location of each of the items listed;

(3)    The names and last known addresses of all bailees, debtors, and other persons and entities that currently are holding the assets, funds or property of the Defendant; and

(4)    All assets, funds, securities, and real or personal property received by the Defendant, or any other person controlled by him, from persons who provided money to the Defendant in connection with their investments with AFW Wealth Advisors from January 1, 2002, to the date of the accounting, and the disposition of such assets, funds, securities, real or personal property.

### VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Defendant, and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise be and hereby are, enjoined and restrained from destroying, altering, concealing or otherwise interfering with the access of the Commission to any and all documents, books, and records that are in the possession, custody or control of the Defendant, his agents, employees,

6

servants, accountants, financial or brokerage institutions, or attorneys-in-fact, that refer, reflect

or relate to the allegations in the Complaint, including, without limitation, documents, books and

records referring, reflecting or relating to the Defendant's finances or business operations, or the

misappropriation of client assets and the use of proceeds therefrom.

### VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant,

and any person or entity acting at his direction or on his behalf, be and hereby are, and each of

his agents, employees, attorneys, or other professionals, and anyone acting in concert with them,

any third parties and any other persons or entities who receive actual notice of such Order by

personal service or otherwise be and hereby are restrained and enjoined from filing for

bankruptcy protection for the Defendant and his assets without three (3) business days notice to

the Plaintiff and approval by this Court.

### IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty

pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and Section 209(e) of

the Advisers Act [15 U.S.C. §80b-9]. The Court shall determine the amounts of the

disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be

calculated from January 1, 2002, based on the rate of interest used by the Internal Revenue

Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In

connection with the Commission's motion for disgorgement and/or civil penalties, and at any

7

hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

## XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## XIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

## CONSENT OF DEFENDANT MATTHEW D. WEITZMAN TO
## JUDGMENT

1.      Defendant Matthew D. Weitzman ("Defendant" or "Weitzman") waives service

of the Summons and Complaint in this action, enters a general appearance, and admits the

Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the Complaint (except as to

personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to

the entry of the Judgment in the form attached hereto (the "Judgment") and incorporated by

reference herein, which, among other things:

> (a) permanently restrains and enjoins Defendant from violations of Sections 10(b)
>
>     of the Securities Exchange Act of 1934 ("Exchange Act"), Sections 206(1),
>
>     206(2) and 204 of the Investment Advisers Act of 1940 ("Advisers Act"), 15
>
>     U.S.C. §§ 80b-6(1), 80b-6(2) and 80b-4, and Advisers Act Rules 204-2(a)(3)
>
>     and (7), 17 C.F.R. §§ 275.204-2(a)(3) and 275.204-2(a)(7); and
>
> (b) freezes the Defendant's assets as specified therein;
>
> (c) directs the Defendant to provide a verified accounting within ten (10) business
>
>     days, or within such extension of time as the Commission agrees to;
>
> (d) prohibits the destruction and alteration of documents;
>
> (e) prohibits Defendant, and his agents, employees, attorneys, or other
>
>     professionals, anyone acting in concert with him, and any third party from
>
>     filing a bankruptcy proceeding on behalf of the Defendant without at least
>
>     three (3) business days notice to the Commission and approval of this Court.

3.    Defendant agrees that the Court shall order disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9]. Defendant further agrees that the amounts of the disgorgement and civil penalty shall be determined by the Court upon motion of the Commission, and that prejudgment interest shall be calculated from January 1, 2002, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). Defendant further agrees that in connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of this Consent or the Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

4.    Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

10

5.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Judgment.

6.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.      Defendant agrees that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

8.      Defendant will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.      Defendant waives service of the Judgment and agrees that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Judgment.

10.      Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.

11

Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the Complaint in this action.

11. Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal

12

or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13.    In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (ii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iii) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (iv) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

13

14.    Defendant agrees that the Commission may present the Judgment to the Court for

signature and entry without further notice.

Dated: _6/1/09_    _____
                                    Matthew D. Weitzman


On _June 1_, 2009, _Matthew D. Weitzman_, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.

AMY KATCHERIAN
Notary Public, State of New York
No. 02KA6164853
Qualified in New York County
Commission Expires April 30, 2011

SO ORDERED.

                                    _____
                                    United States District Judge

Dated: _6/12/_, 2009
        New York, New York


THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____

14